HORATIO N. HOWARD v. THE FIRST PRESBYTERIAN CHURCH AND SOCIETY OF PONTIAC.

*Statute of limitations—Cause of action.*

If B borrows from A to lend to C, the running of the statute of limitations on C's debt to B is not postponed to the date of the enforcement of B's liability to A.

Error to Oakland.    (Stickney, J.)    June 12.—June 22.

ASSUMPSIT.    Defendant brings error.    Reversed.

*J. W. Robbins* and *C. I. Walker* for appellant.

*A. C. Baldwin* for appellee.  Where one borrows money
for the use of another as the latter's security, the statute of
limitations does not run against his claim for reimbursement
until he himself has been compelled to pay : *Odlin v. Green-
leaf* 3 N. H. 270; *Ponder v. Carter* 12 Ired. 242; *Crosby
v. Wyatt* 23 Me. 156; *Thompson v. Stevens* 2 N. & McC.
493; *Scott v. Nichols* 27 Miss. 94; *Wesley Church v. Moore*
10 Penn. St. 273; *Maxey v. Carter* 10 Yerg. 521; *Lowndes
v. Pinckney* 1 Rich. Eq. 155; *Sherwood v. Dunbar* 6 Cal.
53; *Preslar v. Stallwarth* 37 Ala. 402.

GRAVES, C. J.   This action was brought on the 5th of
April, 1881, to recover $388, alleged to have been paid to
the defendant's use, by the plaintiff, on the 6th of April,
1875.   The plaintiff recovered a verdict for the amount,
with interest, and the defendant brings error.   The defend-
ant urged several reasons against the maintenance of the
action, of which one was that the claim was barred by the
statute of limitations.

It appears that in March, 1870, the society passed a reso-
lution appointing the plaintiff, together with A. C. Baldwin,
E. W. Peck, Goodman Jacobs, D. C. Kellam, and A. A.
Lull, a committee to proceed to build and furnish a new
church, according to their best judgment; and that, pursu-
ant to this initial step, a church edifice was subsequently
erected, which has now been occupied by the congregation
for many years.

The work of building proceeded slowly, and changes
occurred in the committee.   As usual in such cases, the
scheme contemplated that the necessary means would be
contributed, but, as often happens, that resource was neither
as prompt nor prolific as the exigency required.   In January,
1872, the fund was exhausted and a small debt existed.   A

pause ensued; the work of building stopped. Mrs. Peck and Mrs. Howard, the plaintiff's wife, came forward and urged that it was out of character to suffer a suspension of the building for lack of funds, and it was agreed between them and their husbands, and Mr. Baldwin and Mr. Lull, to raise what money was then necessary on their joint notes. Accordingly, those persons, in the course of a few weeks, made three $1000 notes and obtained the money upon them at the banks in Pontiac, and the proceeds were immediately put into the building fund and subsequently applied accordingly. These notes were individual obligations to the banks, and they were several times renewed. The last renewals were at length sued, and judgment against the makers was obtained on the 12th of October, 1874. A portion of it was paid by contributions, but a balance remained of $1552, and this was divided into four equal parts, of $338 each, of which one was paid by Mr. Peck, one by Mr. Lull, one by Mr. Baldwin, and the remaining quarter by Mr. or Mrs. Howard. The jury found that it was by Mr. Howard.

There was no evidence of any specific corporate act after 1870 bearing at all on the subject-matter of this contention. Subsequent to the resolution of that date we find no fact connecting the legal entity made defendant with the transaction on which the plaintiff grounds its liability. But we find testimony of various gatherings of the congregation and of portions of the members where there were consultations in regard to the debt held by the banks and other indebtedness, and in regard to obtaining means to pay the different demands, and it appears by this testimony that on some, at least, of these occasions the persons participating appeared to consider the debt going to the banks as one to be discharged either by the corporate society or by the congregation. The whole of this portion of the case is very vague, and there is reason for saying that it affords no clear legal indication as to what opinion was entertained in respect to the existence or assumption of liability by the defendant.

The exact position of the plaintiff is thus explained in

his brief: "The trustees and committee had authority to contract a debt to build the church, in any way they saw fit; they could extend the time of payment of that debt; and they did not, nor did either of them, have any claim against the church till payment was made, and the corporate liability of the church began. That prior to such payment no liability attached, and so far as this claim is concerned it was recognized as a church debt after it was in judgment. In other words, they acknowledged the debt."

We fail to discover evidence to countenance this theory. If the record contains anything favoring the notion that the defendant was ever at any time under a legal liability to the plaintiff, it must have been as early as 1872, and on account of the advance which was then made.

At that time it was that the defendant was the recipient of the money which the plaintiff had hired on his own credit from the banks. The transaction with defendant, if not a gift, was a loan, and an obligation immediately arose to repay it. The facts are wanting to give the arrangement the character claimed for it. Had the plaintiff called for repayment it could not have objected that it was only bound to repay after the plaintiff had himself paid those from whom he had borrowed. The circumstances would not have justified the position.

Is the case taken out of the statute of limitations, as intimated in the proposition quoted from the brief? We think not. We find no evidence that the corporation has, at any time within six years next prior to the suit, either acknowledged or recognized the note or judgment as a debt of its own. The defendant was entitled to have its second request submitted.* There are other serious points in the record, but it is needless to discuss them.

_____

* This was as follows :

" That if the proceeds of the original notes given February 3d, March 12th and April 17th, 1872, of which the notes of March 17th, and May 3d, 1873, upon which the judgment in evidence was obtained, were paid over at the time of their discount, about the time they were made to the treasurer of the building fund of the defendants, and used by them in the construction of their church, then the defendants, if liable to the makers of the said several notes, became liable at once, and the plaint-

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.

-----

iff's right accrued immediately and there can be no recovery in this action because of the statute of limitations."